UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re:<br>Samuel Otero d/b/a<br>Otero's Handyman<br>      Debtor | Chapter 7<br>Case No.: 19-50349 |

MTGLQ Investors, L.P.
vs.

Samuel Otero d/b/a
Otero's Handyman
Richard M. Coan, Esq., Trustee
      Respondents
_____/

## MOTION OF MTGLQ INVESTORS, L.P. FOR RELIEF FROM THE AUTOMATIC STAY

      MTGLQ Investors, L.P. ("Movant"), a creditor in the above captioned Chapter 13 proceeding, moves this Court for an Order, pursuant to 11 U.S.C. §362(d) so that it may foreclose a on Mortgage which it holds on real property known and numbered as 1071-1075 Kossuth Street, Bridgeport, CT 06608. In support of its motion, Movant states the following:

      1.      On July 11, 2007, Samuel Otero ("Debtor") executed and delivered a Note (the "Note", a copy of which is attached hereto as Exhibit "A") to JPMorgan Chase Bank, N.A.  The Note was secured by a Mortgage also dated July 11, 2007 and recorded in the City of Bridgeport Land Records in Volume 7564 at Page 36 (the "Mortgage", a copy of which is attached here to Exhibit "B") on real property owned by Debtors and known and numbered as 1071-1075 Kossuth Street, Bridgeport, CT 06608 (the "Real Property").

      2.      Movant is the current holder of the Note and Mortgage by virtue of two Assignments of Mortgage recorded in the City of Bridgeport Land Records (the "Assignments", a copes of which are attached hereto as Exhibit "C").

      3.      There is no other collateral securing the Note.

      4.      Specialized Loan Servicing LLC services the loan on the Property referenced in this

Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, or through an agent, has possession of the Note. The Note is either made payable to directly Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

5. On August 24, 2018, Movant filed a complaint to foreclose on the Real Property in the Connecticut Superior Court. A copy of the foreclosure docket is attached hereto as Exhibit "D".

6. On March 19, 2019, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

7. As of May 13, 2019, the delinquency owed by the Debtor on the Note is $34,765.39. Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment and late charges will come due and owing.

8. According to Debtor's Schedules, the fair market value of the Real Property is $160,000.00, which is an admission by Debtor. A copy of Schedule A is attached hereto as Exhibit "E".

9. Upon information and belief, there are the following additional liens or encumbrances on the Real Property; Statutory lien to WPCA for the City of Bridgeport in the amount of $1,200.00, Judgment lien to Midland Funding LLC in the amount of $745.03.

10. As of May 13, 2019, the total outstanding balance owed on the Note was $215,470.15.

11. The estimated total amount of encumbrances on the Real Property is $217,415.18.

12. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage.

13. Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Real Property and it is not necessary for an effective reorganization.

WHEREFORE, Movant moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage. They may also proceed according to applicable state and federal law to commence, continue and prosecute to judgment a foreclosure action with respect to the Real Property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

                                                   MTGLQ Investors, L.P.
                                                   By its attorneys,

Date:  May 30, 2019                          /s/David A. Shaw_____
                                                   David A. Shaw Esq., #00417
                                                   Marinosci Law Group, P.C.
                                                   132 Main Street, Suite 2B
                                                   Southington, CT 06489
                                                   Telephone: (401) 234-9200
                                                   dshaw@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re:  
Samuel Otero d/b/a  
Otero's Handyman  
    Debtor,  
_____/

Chapter 7  
Case No.: 19-50349

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 30th day of May, 2019, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

    1. Motion for Relief
    2. Appendix B
    3. Exhibits A through E
    4. Proposed Order
    5. Notice of Contested Matter
    6. Certificate of Service

    /s/David A. Shaw_____  
    David A. Shaw Esq., #00417  
    Marinosci Law Group, P.C.  
    132 Main Street, Suite 2B  
    Southington, CT 06489  
    Telephone: (401) 234-9200  
    dshaw@mlg-defaultlaw.com

VIA ECF  
Russell Gary Small, Esq., on behalf of Debtor  
U.S. Trustee, on behalf of the US Trustee  
Richard M. Coan, Esq., on behalf of the Trustee

VIA US MAIL  
Samuel Otero  
45 Ellsworth Ave  
Danbury, CT 06810-5948

City of Bridgeport
Veronica Jones - Tax Collector
45 Lyon Terrace, 123
Bridgeport, CT 06604

Midland Funding, LLC
C/o Corporation Service Company
Registered Agent
50 Weston Street
Hartford, CT 06120

WPCA For the City of Bridgeport
Attn: President
PO Box 621
Bridgeport, CT 06601

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re:<br>Samuel Otero d/b/a<br>Otero's Handyman<br>      Debtor | Chapter 7<br>Case No.: 19-50349 |

MTGLQ Investors, L.P.
vs.

Samuel Otero d/b/a
Otero's Handyman
Richard M. Coan, Esq., Trustee
      Respondents
_____/

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

MTGLQ Investors, L.P. (the "Movant") has filed a Motion for Relief, (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than Juen 13, 2019.* In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

                                                                      Movant
                                                                      By its attorneys,

Date: May 30, 2019                              /s/David A. Shaw_____
                                                                  David A. Shaw Esq., #00417
                                                                   Marinosci Law Group, P.C.
                                                                   132 Main Street, Suite 2B
                                                                   Southington, CT 06489
                                                                   Telephone: (401) 234-9200
                                                                   dshaw@mlg-defaultlaw.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re:<br>Samuel Otero d/b/a<br>Otero's Handyman<br>    Debtor | Chapter 7<br>Case No.: 19-50349 |

MTGLQ Investors, L.P.
vs.

Samuel Otero d/b/a
Otero's Handyman
Richard M. Coan, Esq., Trustee
    Respondents
_____/

## ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

After notice and a hearing, of MTGLQ Investors, L.P.'s (hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. ____

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay of 11 U.S.C. § 362(a) is modified pursuant to section § 362(d) to permit the Movant, and/or its successors and assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as 1071-1075 Kossuth Street, Bridgeport, CT 06608 in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement its Order.

At _____ this _____ day of _____, 2019

_____
U.S. BANKRUPTCY JUDGE